

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Ian D. Brater*
*Assistant United States Attorney*

IDB/PL AGR
2024R00972

*402 East State Street, Room 430*
*Trenton, New Jersey 08608*

*609-989-2312*

**RECEIVED**

APR 2 2 2025

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

March 27, 2025

David E. Schafer, Esq.
2273 State Highway 33, Suite 207
Trenton, New Jersey 08690

Criminal Number: 25-249-01 (MAS)

Re:    <u>Plea Agreement with Dennis McMickle</u>

Dear Mr. Schafer:

This letter sets forth the plea agreement between your client, Dennis McMickle ("MCMICKLE"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on April 17, 2025, if it is not accepted in writing by that date. If MCMICKLE does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charges</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from MCMICKLE to a two-count Information, which charges MCMICKLE, in Count One, with possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1); and, in Count Two, with conspiracy to traffic in firearms, in violation of 18 U.S.C. § 933(a)(3). If MCMICKLE enters a guilty plea and is sentenced on these charges and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against MCMICKLE for his unlawful possession of firearms and his participation in firearms-trafficking activities from January 23, 2024 to May 7, 2024.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against MCMICKLE even if the applicable statute of limitations period for those charges expires after MCMICKLE signs this agreement, and MCMICKLE agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 922(g)(1) to which MCMICKLE agrees to plead guilty carries a statutory maximum sentence of 15 years' imprisonment, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 933(a)(3) to which MCMICKLE agrees to plead guilty carries a statutory maximum sentence of 15 years' imprisonment, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The prison sentences on Counts One and Two may run consecutively to each other or to any prison sentence MCMICKLE is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon MCMICKLE is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence MCMICKLE ultimately will receive.

Further, in addition to imposing any other penalty on MCMICKLE, the sentencing judge as part of the sentence:

(1) will order MCMICKLE to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) may order MCMICKLE to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3) must order forfeiture pursuant to 18 U.S.C. §§ 924(d)(1) and 934(a); and

(4) pursuant to 18 U.S.C. § 3583, may require MCMICKLE to serve a term of supervised release of not more than three years on Counts One and

Two, which will begin at the expiration of any term of imprisonment imposed. Should MCMICKLE be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, MCMICKLE may be sentenced to not more than two years' imprisonment on each of Counts One and Two, which may run consecutive to each other, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on MCMICKLE by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of MCMICKLE's activities and relevant conduct with respect to this case.

Stipulations

This Office and MCMICKLE will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

- 3 -

<u>Waiver of Appeal and Post-Sentencing Rights</u>

As set forth in Schedule A and the paragraph below, this Office and MCMICKLE waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

<u>Forfeiture</u>

As part of MCMICKLE's acceptance of responsibility, and pursuant to 18 U.S.C. § 924(d)(1), 18 U.S.C. § 934(a) and 28 U.S.C. § 2461(c), MCMICKLE agrees to forfeit to the United States all right, title, and interest, if any in the following items:

(i)     a Taurus, Model PT111 G2, 9-millimeter semi-automatic handgun, bearing serial number TKN17977, seized on or about January 23, 2024;

(ii)    a Ruger .22 caliber semi-automatic rifle with an obliterated serial number restored to read as 0011-57714, seized on or about April 15, 2024;

(iii)   a Remington, Model 870 Wingmaster, 12-gauge shotgun, bearing serial number T735033V, seized on or about May 7, 2024;

(iv)    a Remington, Model 1100 LT-20, 20-gauge shotgun, bearing serial number N929587K, seized on or about May 7, 2024; and

(v)     a Ross Rifle Company .303 caliber bolt-action rifle, manufactured without a serial number, seized on or about May 7, 2024;

(collectively, the "Specific Property").

MCMICKLE acknowledges that the Specific Property is subject to forfeiture as firearms or ammunition involved in or used in the violations of 18 U.S.C. §§ 922(g)(1) and 933(a)(3) charged in the Information.

MCMICKLE waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), MCMICKLE consents to the entry of a forfeiture order that, in the Office's discretion, may be final as to the defendant prior to the defendant's sentencing. MCMICKLE understands that criminal forfeiture pursuant to 18 U.S.C. § 924(d)(1), 18 U.S.C. § 934(a), and 28 U.S.C. § 2461(c) is part of the sentence that may be imposed in this

case and waives any failure by the court to advise MCMICKLE of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. MCMICKLE further understands that MCMICKLE has no right to demand that any forfeiture of MCMICKLE's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose in addition to forfeiture. MCMICKLE waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

MCMICKLE also consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 984. MCMICKLE agrees that MCMICKLE will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent MCMICKLE has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are deemed withdrawn. MCMICKLE further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States, its agent, or designee, and the execution of all necessary documentation.

MCMICKLE further consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all of MCMICKLE's right, title, and interest in the Specific Property; waives all challenges of any kind to the forfeiture and abandonment of this property by federal, state, and/or local law enforcement; waives any additional notice requirement in connection with the forfeiture and/or abandonment of this property; and consents to the destruction of the forfeited and/or abandoned property at the discretion of federal, state, and/or local law enforcement.

MCMICKLE further waives, abandons, and surrenders to federal, state, and/or local law enforcement all of his right, title, and interest in the following items: two (2) privately manufactured 9-millimeter semi-automatic pistols with no serial numbers, seized on or about April 30, 2024 (the "Additional Property"). MCMICKLE further waives any additional notice requirement in connection with the forfeiture and/or abandonment of the Additional Property and consents to its destruction at the discretion of federal, state, and/or local law enforcement.

Immigration Consequences

MCMICKLE understands that, if he is not a citizen of the United States, MCMICKLE's guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making MCMICKLE deportable, excludable, or inadmissible, or ending MCMICKLE's naturalization. MCMICKLE understands that the immigration consequences of this

plea will be imposed in a separate proceeding before the immigration authorities. MCMICKLE wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause MCMICKLE's removal from the United States. MCMICKLE understands that he is bound by this guilty plea regardless of any immigration consequences. Accordingly, MCMICKLE waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. MCMICKLE also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

<u>Other Provisions</u>

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against MCMICKLE. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude MCMICKLE from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between MCMICKLE and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

JOHN GIORDANO
United States Attorney


*Ian D. Brater*

By:      Ian D. Brater
         Assistant U.S. Attorney


APPROVED:

*Martha K. Nye*

Martha K. Nye
Assistant U.S. Attorney
Acting Attorney-In-Charge, Trenton Branch Office

I have received this letter from my attorney, David E. Schafer, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver consequences, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_____     Date: 02/31/25
Dennis McMickle



I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver consequences, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____     Date: 3/31/25
David E. Schafer, Esq.
Counsel for Defendant


- 8 -

Plea Agreement With Dennis McMickle

Schedule A

1.    This Office and Dennis McMickle ("MCMICKLE") agree to stipulate to the following facts:

As to Count One of the Information

a.    On or about January 23, 2024, in Ocean County, New Jersey, MCMICKLE knowingly possessed a Taurus, Model PT111 G2, 9-millimeter semi-automatic handgun, bearing serial number TKN17977 (the "Taurus").

b.    On or about January 23, 2024, in Ocean County, New Jersey, MCMICKLE knowingly and intentionally sold the Taurus to another person (the "Buyer") in exchange for $600.

c.    Prior to January 23, 2024, MCMICKLE had been convicted of at least one felony offense, *i.e.*, an offense punishable by a term of imprisonment exceeding one year (hereafter, "felony offense" or "felony offenses").

d.    For example, on or about October 29, 2010, MCMICKLE was convicted of first-degree robbery, in violation of N.J.S.A. 2C:15-1, and third-degree distribution or possession with intent to distribute a controlled dangerous substance, in violation of N.J.S.A. 2C:35-5(b)(5), both of which are felony offenses.

e.    On or about January 23, 2024, when MCMICKLE possessed the Taurus, MCMICKLE was aware that he had been previously convicted of a felony offense.

f.    The Taurus was manufactured outside of the state of New Jersey and, therefore, traveled in and affected interstate commerce prior to MCMICKLE's possession of the Taurus on or about January 23, 2024.

As to Count Two of the Information

g.    From in or around April 2024 through in or around May 2024, in and around Ocean County, New Jersey, MCMICKLE knowingly and intentionally conspired and agreed with others (the "co-conspirators") to sell firearms, for profit, to the Buyer.

h.    During an in furtherance of the conspiracy, on or about April 15, 2024, MCMICKLE and one of MCMICKLE's co-conspirators ("CC-1") met with the Buyer at CC-1's residence in Ocean County, New Jersey, for the purpose of selling the Buyer a Ruger, Model 10/22, .22 caliber semi-automatic rifle, bearing serial number 0011-57714 (the "Rifle").

- 9 -

i.    While inside CC-1's residence on or about April 15, 2024, MCMICKLE used a tool to remove the serial number from the Rifle before MCMICKLE and CC-1 sold the Rifle to the Buyer.

j.    After removing the serial number from the Rifle on or about April 15, 2024, MCMICKLE and CC-1 took the Rifle outside of CC-1's residence and met with the Buyer in the Buyer's vehicle.

k.    During that meeting inside the Buyer's vehicle on or about April 15, 2024, CC-1 sold the Rifle to the Buyer in exchange for approximately $800.

l.    At the time that MCMICKLE and CC-1 sold the Rifle to the Buyer on or about April 15, 2024, MCMICKLE knew or had reason to believe that the Buyer's possession of the Rifle would constitute a felony offense because MCMICKLE had removed the serial number from the Rifle.

m.    During and in furtherance of the conspiracy, on or about April 30, 2024, in Ocean County, New Jersey, MCMICKLE and one of MCMICKLE's co-conspirators ("CC-2") met with the Buyer in the parking lot of an apartment complex for the purpose of selling the Buyer a firearm.

n.    During that meeting on or about April 30, 2024, MCMICKLE and CC-2 sold the Buyer a privately manufactured 9-millimeter semi-automatic handgun with no serial number, also known as a ghost gun, in exchange for approximately $1,100.

o.    During and in furtherance of the conspiracy, later that same date on or about April 30, 2024, MCMICKLE and CC-2 again met with the Buyer in the parking lot of that same apartment complex in Ocean County for the purpose of selling another firearm to the Buyer.

p.    During that second meeting on or about April 30, 2024, MCMICKLE and CC-2 sold another privately manufactured 9-millimeter semi-automatic handgun with no serial number, also known as a ghost gun, to the Buyer in exchange for approximately $800.

q.    During and in furtherance of the conspiracy, on or about May 7, 2024, in Ocean County, New Jersey, MCMICKLE and CC-2 met with the Buyer in the parking lot of the same apartment complex for the purpose of selling firearms to the Buyer.

r.    During that meeting on or about May 7, 2024, MCMICKLE and CC-2 sold a Remington, Model 11 LT-20, 20-gauge shotgun, bearing serial number N929587K, and a Ross Rifle Company .303 caliber bolt-action rifle, manufactured without a serial number, to the Buyer in exchange for approximately $3,000.

- 10 -

      s.      During and in furtherance of the conspiracy, later that same date on or about May 7, 2024, MCMICKLE and CC-2 again met with the Buyer in Ocean County, New Jersey, for the purpose of selling the Buyer another firearm.

      t.      During that second meeting on or about May 7, 2024, MCMICKLE and CC-2 sold a Remington, Model 870 Wingmaster, 12-gauge shotgun, bearing serial number T735033V, to the Buyer in exchange for approximately $500.

    2.     To the extent the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

    3.     Lastly, the parties have stipulated to certain facts above.  The parties recognize that none of those stipulations bind the sentencing court.  If the sentencing court accepts any of the factual stipulations set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.  Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.

- 11 -