2024R00435/IDB/JNM/ms

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Michael A. Shipp, U.S.D.J. |
| v. | : | Crim. No. 25-249-01 (MAS) |
| DENNIS MCMICKLE, | : | CONSENT JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY (FINAL AS TO THE DEFENDANT) |
| Defendant. | : | |
| | : | |

WHEREAS, on April 22, 2025, defendant Dennis McMickle pleaded guilty to a two-count Information, which charged him with: (1) knowingly possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count One); and (2) conspiracy to traffic in firearms, in violation of 18 U.S.C. § 933(a)(3) (Count Two);

WHEREAS, pursuant to 18 U.S.C. § 924(d)(1), 18 U.S.C. § 934(a) and 28 U.S.C. § 2461(c), a person convicted of being a felon in possession of a firearm and conspiracy to traffic in firearms, as alleged in Counts One and Two of the Information, shall forfeit to the United States any firearms involved in the commission of the offenses;

WHEREAS, in the plea agreement and pursuant to 18 U.S.C. § 924(d)(1), 18 U.S.C. § 934(a) and 28 U.S.C. § 2461(c), the defendant agreed to forfeit to the United States all of his right, title, and interest in the following properties:

(1) one Taurus, Model PT111 G2, 9-millimeter semi-automatic handgun, bearing serial number TKN17977, seized on or about January 23, 2024;

(2) one Ruger .22 caliber semi-automatic rifle with an obliterated serial number restored to read as 0011-57714, seized on or about April 15, 2024;

(3) one Remington, Model 870 Wingmaster, 12-gauge shotgun, bearing serial number T735033V, seized on or about May 7, 2024;

(4) one Remington, Model 1100 LT-20, 20-gauge shotgun, bearing serial number N929587K, seized on or about May 7, 2024; and

(5) one Ross Rifle Company .303 caliber bolt-action rifle, manufactured without a serial number, seized on or about May 7, 2024

(collectively, "Specific Property");

WHEREAS, the provisions of 21 U.S.C. § 853(n) (incorporated by 28 U.S.C. § 2461(c)) require publication and notice to third parties known to have alleged an interest in forfeited specific property and the disposition of any petitions filed under 21 U.S.C. § 853(n) before the United States may have clear title to such property;

WHEREAS, the defendant:

(1) consents to the forfeiture to the United States of the Specific Property as a firearms involved in the commission of knowing violations of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 933(a)(3), as charged in Counts One and Two of the Information, to which the defendant has pleaded guilty;

(2) agrees that this Order is final as to the defendant at the time of its entry by the Court, pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure;

(3) agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the

forfeiture and disposition of the Specific Property;

(4) waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction;

(5) acknowledges that he understands that forfeiture of property will be part of the sentence imposed upon him in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing;

(6) waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the Specific Property; and

(7) agrees that the forfeiture does not constitute an excessive fine or violate the Eighth Amendment; and

WHEREAS, good and sufficient cause having been shown, it is hereby ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

(1) As a result of the defendant's conviction of being a felon in possession of a firearm and conspiracy to traffic in firearms, as alleged in Counts One and Two of the Information,, pursuant to 18 U.S.C. § 924(d)(1), 18 U.S.C. § 934(a) and 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(1) and (b)(2), and based upon the plea agreement, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition according to law.

(2) Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against the defendant, shall be made part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

(3) Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States, its agent or designee shall maintain or take possession of the Specific Property and hold such property in its secure custody and control.

(4) Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov. The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

(5) Pursuant to Fed R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(2) and (n)(3), the notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. The notice shall also state that the petition (a) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (b) shall be signed by the petitioner under penalty of perjury, and (c) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific

Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought.

(6) Any person, other than the defendant, claiming an interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

(7) Upon adjudication of all third-party interests, the Court will enter a final order of forfeiture, pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), in which all interests will be addressed.

(8) Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the Specific Property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

(9) This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

ORDERED this 22nd day of April, 2025.

_____
Hon. Michael A. Shipp, U.S.D.J.

The undersigned hereby consent to
the entry and form of this Order:

Alina Habba
United States Attorney

/s/ Ian D. Brater
_____     Dated: 4/8/2025
By: Ian D. Brater
Assistant United States Attorney

_____     Dated: 4/10/25
David E. Schafer, Esq.
Attorney for Defendant Dennis McMickle

_____     Dated: 4/11/25
Dennis McMickle, Defendant